# Nicholson v. Walters.

## Unlawful Detainer.

(Decided February 13, 1913.   61 South. 268.)

*Justices of the Peace; Judgment by Confession; Appeal.*—Where a defendant agreed in open court to a judgment against him, the damages to be assessed by the justice of the peace, he could not under section 2892, Code 1907, appeal from so much of the judgment as ascertained the fact of an unlawful detainer and ordered the surrender of possession to the plaintiff, but he could appeal for a trial de novo as to the amount of damages; that part of the judgment being separable, and the assessment for damages not existing at the time the judgment was confessed.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Mrs. C. C. Walters against O. P. Nicholson in unlawful detainer. An appeal from a judgment of the justice court was dismissed, and defendant appeals. Reversed and remanded.

The following is the judgment rendered by the justice of the peace: "December 17, 1910. This being the day set for the trial of the above cause, came the parties, Mrs. C. C. Walters, in person and by attorney, also O. P. Nicholson, in person, and in open court the parties agree to a judgment against the defendant in the following form, with the understanding that the court is to assess the damages from what it thinks right from all the circumstances in the case, in the presence of G. W. Thacker, R. E. McWhorter, H. K. Pearce, and J. F. Walters; the judgment to be in the following form: 'Came the parties on the 17th day of December, 1910, and, upon agreement by the parties in the suit, I find the said O. P. Nicholson guilty of an unlawful detainer, as complained against him by Mrs. C. C.

[Nicholson v. Walters.]

Walters, of the possession of the tract of land and house mentioned in the complaint, to wit: "That portion of the E. ½ of the N. E. ¼ of section 1, township 12 range 5 East, in Etowah county, Ala., particularly described as follows: Beginning at the N. E. corner of the above-described section and extending west along the northern boundary line of said section to corner of fence built by O. P. Nicholson; thence south with fence and easterly with fence to the eastern boundary line of said section; thence north to point of origin, together with all buildings thereon belonging to plaintiff." I assess the damages for the detention, from all the circumstances in the case, at $98, and pay the cost of this proceeding extra of the $98.' In the circuit court, the plaintiff moved to dismiss the appeal: First, because the judgment in the lower court was rendered against defendant by his voluntary confession in open court, and no appeal will lie from such judgment; second, because the sureties on said bond are insufficient to secure the penalties mentioned thereon; and, third, because, on account of the continuance of this action from term to term of this court, the penalty mentioned in the bond given for the stay of execution is now insufficient to provide the plaintiff with damages which the law allows her for retention of the property by defendant—wherefore a judgment of dismissal is asked and that procedendo be awarded to the lower court."

GEO. B. MOTLEY, for appellant. While under section 2892, Code 1907, a judgment by confession is in law a release of errors, and settled in this case the right of possession in the plaintiff it does not release errors as to the judgment for fixing the amount of damages, since that was a matter happening after the confession and defendant is entitled to appeal from the justice judg-

[Nicholson v. Walters.]

ment and a trial de novo.—11 A. & E. Ency. Pl. & Pr. 981; 4 Johns. 423; 2 Root 443.

J. S. FRANKLIN, for appellee. The judgment was by confession and is a release of errors from which no appeal will lie.—11 A. & E. Enc'y P. & P. 973; section 2892, Code 1907; *Howard v. E. T. V. & G.*, 80 Ala. 838; *Murphy v. Whitley*, 70 Ala. 564; *Burke v. The State*, 74 Ala. 401.

DE GRAFFENRIED, J.—This was an action for unlawful detainer. It was brought in a justice's court by Mrs. C. C. Walters against O. P. Nicholson to recover the possession of certain lands and damages for their detention. When the case was called for trial by the justice of the peace, the parties to the suit were present, and the justice rendered a judgment, which the reporter will set out in his statement of the facts of this case. The judgment rendered by the justice of the peace was, in so far as it ascertained that Nicholson was guilty of an unlawful detainer of the lands described in the complaint, and in so far as it ordered that Nicholson restore to Mrs. Walters the possession of the lands, a judgment by confession. That part of the judgment is separable from the judgment which was rendered fixing the amount of the damages; and the judgment ascertaining the fact of the unlawful detainer of the land, and ordering that its possession be surrendered to Mrs. Walters, is binding upon Nicholson; and under our statute (Code 1907, § 2892), as to that part of the judgment, Nicholson is without remedy. A judgment by confession is, under the above statute, and was at common law, a release of errors.—*Caller v. Denson*, Minor, 19; *Allen v. White & Norris*, Minor, 365.

[Nicholson v. Walters.]

The above judgment was not, in so far as it relates to the damages fixed by the justice for the detention of the property, a judgment by confession, within the meaning of the above-cited statute or of the common law; and the judgment fixing the amount of Mrs. Walters' damages was not a release of errors. A judgment by confession must be for a sum certain. When a party to a suit, for a moneyed demand, confesses that he owes a certain sum, and a judgment is thereupon rendered for that certain sum, then if error was committed it was an error which existed when the confession was made. —*Caller v. Denson, supra.* When, however, in a suit for a moneyed demand, one of the parties confesses an indebtedness to the other party, but no certain amount is admitted to be due, then, if after such confession, in ascertaining the amount so due, an error is committed by the court in so ascertaining the amount, it cannot be said that the error existed when the confession of judgment was made.

In the case of *Nichols v. Hewit,* 4 Johns. (N. Y.) 423, the parties to the suit appeared before the justice of the peace, agreed to submit their cause to the arbitrament of the justice and another person, that their award should be final and conclusive, and that the justice should enter a judgment for the sum awarded. The arbiters agreed upon the award; the justice asked the parties, before making it known to them what award had been agreed upon, whether a judgment should be entered agreeably to the award; and the parties assented thereto. The justice thereupon entered a judgment for the sum of 11 cents in favor of Hewit and for the costs. Said the Supreme Court: "The defendant below confessed judgment for the amount of an award before it was published; and then the justice declared it to be in favor of the defendant in error, for 11 cents, and

entered judgment accordingly. A confession of judgment ought to be for a certain and specified sum. The justice had no power to enter judgment on a cognovit for an uncertain and unliquidated amount." While this exact question does not appear to have before been before this court, we find in *Caller v. Denson, supra,* the following: "The matter assigned as error existed at the time of rendering the judgment on the confession of the plaintiff in error, and is as much released by the statute as if a formal release had been sealed and delivered. * * * If he waives his right, acknowledges himself duly before the court, and consents that judgment may be rendered against him for a certain amount, he cannot afterwards be permitted to complain of irregularities." In the present case Nicholson did not confess judgment for a certain amount; and we are of the opinion that, on his appeal to the city court of Gadsden, he was entitled to a trial de novo as to the amount of the damages to which Mrs. Walters was entitled on account of his unlawful detention of the lands described in the complaint. Mrs. Walters is entitled to a judgment for some amount; but Nicholson has the right to have the amount determined by the city court of Gadsden.

We are therefore of opinion that the trial court committed error in dismissing Nicholson's appeal. An order is therefore here made reversing said judgment of dismissal. The cause is ordered to be restored to the docket of said court below in accordance with this opinion.

Reversed and remanded. All the Justices concur.